UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES,

  V.

REVA VINCENT,                       :           CASE NO. 22-CR-00051

    *Defendant.*

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Reva Vincent ("Vincent"), by and through undersigned counsel respectfully submits this memorandum in aid of sentencing. For the reasons stated below, Mrs. Vincent respectfully requests that the Court sentence her to a term of probation of 24 months and $500.00 in restitution.

## FACTS

On January 5, 2021, the Reva Vincent drove with several other individuals from Kentucky to Washington, D.C. The purpose of her trip to Washington, D.C., was to protest Congress' certification of the Electoral College. Prior to January 6, defendant Reva Vincent posted Facebook posts urging individuals to go to Washington, D.C. for January 6, 2021 rally in order to "Stop the Steal." Defendant Reva Vincent stayed overnight at a hotel near the U.S. Capitol. On the morning of January 6, 2021, defendant Reva Vincent attended the "Stop the Steal" rally at the Ellipse. After attending the rally, the she went back to her hotel for a period of time to rest

and have lunch. In the afternoon, she went with other protestors towards the grounds of the U.S. Capitol where she could hear flash bangs coming from one side of the Capitol and later saw clouds of tear gas. She made her way up the stairs onto the area of the U.S. Capitol just outside of the East Rotunda door, which was a restricted area. Using her phone's camera, she recorded the crowd and her movement from outside the U.S. Capitol to inside the U.S. Capitol. In one video, you can hear someone say that the door is opening and Reva yelled in response, "Go, go, go!" "That's our house. Leave our house!" "We want our house!" "Stop the Steal!"

The Rotunda door opened more than once while she was outside. She

could see people affected by pepper spray. Amongst other things, people coming out of the U.S. Capitol stated, "We stopped the vote." At approximately 3:01 p.m., she entered the U.S. Capitol through the Rotunda door and filmed her entry into the U.S. Capitol past two police officers and stated excitedly, "In the door, we're in the door! This is our house, people! This is our house, not their house." "We are inside, people!" "We made it inside!"

She walked straight into the Rotunda and then filmed as she paned her phone's camera around the Rotunda – at one point turning the camera on herself. During filming, defendant Reva Vincent yelled, "This was built with our money, our money, not theirs." "We own this Capitol." "They need to go." After about a minute or two of filming, a phalanx of police officers entered the Rotunda and defendant Reva Vincent stated, "Uh oh, they're in trouble." "Leave our house, we're done with them." After being inside the U.S. Capitol approximately 5 minutes, she left the U.S. Capitol building through the Rotunda door.

## STATUTORY AND GUIDELINE ANALYSIS

**Statutory Penalties**

Mrs. Vincent entered a plea to Count 1 of the information on April 22. 2022, charging her with Parading, Demonstrating, or Picketing in a Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(G)., which carries a maximum sentence of of six (6) months of imprisonment, pursuant to 40 U.S.C. § 5109(b); a term of probation of not more than five (5) years, pursuant to 18 U.S.C. § 3561(c); a fine of not more than $5,000, pursuant to 18 U.S.C. § 3571(b)(6); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

**Guidelines Calculation**

Pursuant to USSG §1B1.9, the U.S. Sentencing Guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction. Accordingly, the US Sentencing Guidelines do not apply to this count.

## SECTION 3553(a) FACTORS

18 U.S.C. § 3553(a) mandates that a court "impose a sentence sufficient, but not greater than necessary, to comply with" federal sentencing goals. In imposing a sentence that is "sufficient, but not greater than necessary," the court should look to the statutory factors listed under Section 3553. These factors include:

   1.   **Nature and circumstances of the offense and history and characteristics of the defendant**

While the events of January 6, 2021, at the Capitol were unprecedented, violent and shocking, Mrs. Vincent's own conduct certainly was not.

Mrs. Vincent's conduct is undisputed. She did not engage in any violence; did not break anything; did not confront or fight with police and was not affiliated with any organized or extremist group. She did mill about the Capitol building taking pictures and left after roughly five (5) minutes inside the Capitol.

2.  **Ms. Vincent's History and Characteristics**

Reva Vincent is a 57-year-old married woman, who is gainfully employed by Vincent Rentals and has no prior criminal record except for traffic offenses. She has complied with all conditions of pretrial release and has demonstrated that she can follow the Court's instructions if placed on probation. I have attached hereto a letter from Reva Vincent as Exhibit 1 and also letters from members of the community on Reva's behalf collectively referred to as Exhibit 2.

3.  **Seriousness of the offense, respect for the law, just punishment**

The offense of conviction is undoubtedly serious, especially in the context from which it arose. However, Mrs. Vincent has clearly demonstrated her respect for the law and the legal process by agreeing to plead guilty as soon as the government made her a plea offer, accepting responsibility and foregoing a costly trial.

4.  **Deterrence to criminal conduct and protection from further crimes**

Except for a few traffic offenses, Mrs. Vincent has never been in any legal trouble before. There is nothing in her past or even in the current situation that would indicate that she will break the law again or that society must be protected from her with incarceration. The simple fact is that January 6, 2021 was a singular and unique event in the history of this nation.. As the Court of Appeals noted about the events of January 6 in *United States v. Munchel,* 991 F.3d 1272 (DC Cir. 2021):

> The District Court also failed to demonstrate that it considered the *specific circumstances that made it possible,* on January 6, for Munchel and Eisenhart to threaten the peaceful transfer of power. The appellants had a *unique opportunity to obstruct democracy on January 6 because of the electoral college vote tally taking place that day, and the concurrently scheduled rallies and protests.* Thus, Munchel and Eisenhart were able to attempt to obstruct the electoral college vote by entering the Capitol *together with a large group of people who had gathered at the Capitol in protest that day.* Because Munchel and Eisenhart did not vandalize any property or commit violence, *the presence of the crowd was critical to their ability to obstruct the vote and to cause danger to the community. Without it, Munchel and Eisenhart—two individuals who did not engage in any violence and who were not involved in planning or coordinating the activities—seemingly would have posed little threat.*

*Munchel,* 991 F.3d 1284 (emphasis added). Here, the same can be said of the Defendant, Reva Vincent.. Besides her conduct on January 6, which was nonviolent and could only have occurred on that day, there is simply no indication that she constitutes a future danger to society.

### 5. Kinds of sentences available and the sentencing ranges established

Parading, Demonstrating, or Picketing in a Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(G)., which carries a maximum sentence of of six (6)

months of imprisonment, pursuant to 40 U.S.C. § 5109(b); a term of probation of not more than five (5) years, pursuant to 18 U.S.C. § 3561(c); a fine of not more than $5,000, pursuant to 18 U.S.C. § 3571(b)(6); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

    **6.**    **Need to provide restitution**

Mrs. Vincent has agreed to pay a total restitution of $500.00.

## CONCLUSION

Mrs. Vincent acknowledges that she should not have been in the Capitol on January 6 and that she must be punished for that conduct. However, her behavior on that day is not deserving of a prison sentence considering that she did not engage in violence or destruction. Her conduct should not result in incarceration and personal ruin.

Mrs. Vincent respectfully requests that after considering the § 3553(a) factors, the Court impose a sentence of 24 months of probation and a fine of $500.00.. Considering the relevant case law and pursuant to 18 U.S.C. § 3553(a) such a sentence is sufficient but not greater than necessary.

                                  **Respectfully submitted,**

                                */s/ Gary S. Logsdon*
                                **GARY S. LOGSDON**
                                **Gary S. Logsdon & Associates**
                                **P.O. Box 382**
                                **Brownsville, KY 42210**
                                **(270) 597-2134**